LAWRENCE, Judge.
The child, S.V.E., appeals from a final order adjudicating him delinquent for escaping from a residential commitment facility, in violation of section 39.061, Florida Statutes (1995). We affirm.
The child was originally committed to a special intensive group program, a minimum-risk, nonresidential commitment program. Upon absconding from that program, however, the Department of Juvenile Justice (Department) transferred him to a moderate-risk, residential commitment program pursuant to section 39.021(4), Florida Statutes (1995). The child was charged with juvenile escape for allegedly absconding from the latter facility.
The child’s first argument essentially challenges the legal sufficiency of the evidence to support the “lawful custody” element of escape, claiming the trial court’s lack of response cannot be deemed approval of the Department’s transfer as there was no evidence the trial court actually received a copy of the transfer order. Because this *1284 specific argument was not made before the trial court below, however, it is not preserved for appellate review.
The child’s second argument is that there was insufficient evidence that the facility from which he allegedly absconded was a “residential commitment facility” within the meaning of sections 39.061 and 39.01(59), Florida Statutes (1995). This issue is also not preserved for appellate review as it was not raised below.
The child’s final argument challenges the facial constitutionality of section 39.021(4), which authorizes the Department, with the oversight of the trial court that committed the child, to transfer the child to a different commitment program. Citing B.H. v. State, 645 So.2d 987 (Fla.1994), cert. denied, - U.S. -, 115 S.Ct. 2559, 132 L.Ed.2d 812 (1995), the child argues the 1995 statute constitutes an unconstitutional delegation of legislative authority to an agency ■ and violates due process. We find the child’s argument in this regard to be without merit.
Accordingly, we affirm the child’s adjudication and disposition in all respects.
AFFIRMED.
MINER and WEBSTER, JJ„ concur.